IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN/SOUTHERN DIVISION

MATTHEW BAILEY, §
§
Plaintiff, §
§
VS. § CASE No.
§ 2:18-CV-644-MHT-CSC
OFFICER BRIAN THOMPKINS, §
OFFICER KINCEY, § DEMAND FOR JURY TRIAL
OFFICER COLEMAN, and §
FICTITIOUS DEFENDANTS §
A-L & M-Z; All in their §
official capacity, §
§
Defendants. §

## COMPLAINT

**COMES NOW**, Plaintiff, Matthew Bailey, by and through undersigned counsel, and asserts the following:

### PARTIES

1. **Plaintiff Matthew Bailey** is a citizen of the United States, a citizen of the State of Alabama, and a resident of Alabama. At the time of the incidents that make the basis for this claim, the Plaintiff was confined at an Alabama Department of Corrections facility, Easterling Correctional Facility, located in Clio, Alabama.

2. **Defendant Walter Meyers** was the Warden of the Easterling Correctional Facility, where the Plaintiff was detained, at the time of the incidents that make the basis for this claim. In his official capacity he was the commanding officer of Defendants Thompkins, Kincey, and Coleman and was responsible for their training, supervision, conduct and retention. He is being sued in his individual capacity while acting under the color of law.

3. **Defendant Colonel Kincey** was an Alabama Department of Corrections prison officer at the time of the incidents that make the basis for this claim. He is being sued in his individual capacity while acting under the color law.

4. **Defendant Lieutenant Thompkins** was an Alabama Department of Corrections prison officer at the time of the incidents that make the basis for this claim. He is being sued in his individual capacity while acting under the color law.

5. **Defendant Officer Coleman** was an Alabama Department of Corrections prison officer at the time of the incidents that make the basis for this claim. He is being sued in his individual capacity while acting under the color law.

6. **Defendant Fictitious Parties A through L** are those persons, entities or parties who were responsible for providing appropriate training, setting customs, procuring, purchasing, and supplying appropriate equipment and weapons to correctional officers ADOC or were responsible for ensuring that the correctional officers employed by ADOC understood the appropriate force to use in effectuating a command. The identities of Fictitious Parties A through L are currently unknown to the Plaintiff.

7. **Defendant Fictitious Parties M through Z** are those persons, entities or parties who participated in causing injury to Matthew Bailey. The identities of Fictitious Parties M through Z are currently unknown to the Plaintiff.

## **JURISDICTION**

8. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

9. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same set of facts and circumstances under 28 U.S.C § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1367(b), in that the events or occurrences giving rise to the Plaintiff's claims occur exclusively in Barbour County, which fall into the Middle District of the Federal Courts of Alabama.

## FACTUAL ALLEGATIONS

11. Plaintiff, Mr. Bailey was awakened the morning of May 14, 2017 by a drug counselor, Johnny Kowski, at Easterling Correctional Facility who requested that Mr. Bailey sign a document enrolling him in the Alabama Department of Corrections' Crime Bill program.

12. Mr. Bailey had been attempting to transfer prison locations but enrolling in the Crime Bill Program would ensure that he remained at Easterling.

13. Moreover, per Mr. Bailey's timesheet, Mr. Bailey had already completed this program.

14. Mr. Bailey, accordingly, expressed his disinterest in signing a document which would have indicated that he desired to remain at Easterling Correctional Facility.

15. Mr. Bailey's conversation with the counselor became heated, security arrived, and Mr. Bailey was placed in handcuffs.

16. Mr. Bailey then began to walk away from the argument in order to demonstrate that he was done with that situation.

17. Despite Mr. Bailey's actions to remove himself from the situation, Defendants Kincey and Thompkins tackled Mr. Bailey from behind breaking his hip.

18. Subsequent to this incident, Lieutenant Kerry Williams was overheard by another inmate at Easterling commenting that Mr. Bailey had "caught Lt. Thompkins on a bad day."

19. Mr. Bailey was then sent to UAB hospital for four days to have hip alignment surgery and recovery.

20. Mr. Bailey was taken to Kilby Correctional where he was supposed to compete his recovery.

21. However, upon arrival, Mr. Bailey was immediately transferred from one van to another and brought back to Easterling.

22. As a result of this unrequested and unexpected transfer, Mr. Bailey's complete medical file remained at Kilby Correctional for two months before it was sent to Easterling.

23. Mr. Bailey had been prescribed several medications which included medicines for anxiety/depression as well as a muscle relaxer twice a day - once at 4 A.M. and once at 4 P.M.

24. He also had previously been taking three (3) Tylenol and two (2) Aspirin per day for pain.

25. Mr. Bailey was prescribed a wheelchair by UAB. He was not given that wheelchair until roughly three weeks after returning from surgery. This wheelchair was subsequently taken from him and he was given crutches instead.

26. UAB also prescribed specific medicines which the prison doctor did not provide such as a blood thinner shot which Mr. Bailey did not receive until 2 ½ to 3 weeks after returning which caused him severe pain and discomfort.

27. Upon his arrival to Easterling Correctional Facility, Mr. Bailey weighed approximately 217 lbs. when he came to Easterling, but now weighs approximately 165 lbs.

28. On one evening, Mr. Bailey arrived at the cafeteria slightly tardy for meal time because of a prior engagement and refused to leave without being allowed to eat.

29. Officer Coleman then struck him in the neck, pushed him against a wall, and told him "I'll fuck you up white boy."

30. Mr. Bailey's mother reported this incident to Alabama Department of Corrections' Investigations and Intelligence division.

31. Officer Coleman was not allowed to work in the same dorm as Mr. Bailey for two weeks, but that was the last of Officer Coleman's discipline.

32. The assaults by Defendants Thompkins, Kincey, and Coleman were so severe that Mr. Bailey was forced to have surgery and ongoing medical care.

33. The actions of Defendants Thompkins, Kincey, and Coleman, and the inaction of Warden Myers have caused a tremendous amount of emotional and physical pain to Mr. Bailey.

## CAUSES OF ACTION

### COUNT I: CRUEL AND UNUSUAL PUNISHMENT

34. Plaintiff, Bailey, adopts and realleges each and every fact and allegation stated in paragraphs 1 and 33 of this complaint as if set out fully herein.

35. The unreasonable or excessive use of force by correctional officers constitutes a violation of the cruel and unusual punishment clause of the Eighth Amendment and can be asserted in a §1983 claim.

36. Multiple violent attacks on Mr. Bailey violated his civil liberties and deprived him of his constitutional right to be free from cruel and unusual punishment as provided by the Eighth Amendment.

37. Moreover, these deprivations occurred while Defendants Thompkins, Kincey, and Coleman were acting under the color of law.

38. Consequently, Defendants Thompkins, Kincey, and Coleman are liable under 42 U.S.C.A. §1983 for cruel and unusual punishment.

## COUNT II: STATE LAW BATTERY

39. Plaintiff, Bailey, adopts and realleges each and every fact and allegation in Paragraphs 1 through 33.

40. Per Alabama statute, a person who intentionally and recklessly causes physical injury to another person is guilty of assault.

41. As stated above, Defendants Thompkins, Kincey, and Coleman intentionally and recklessly caused physical injury to Mr. Bailey and did so under the color of law.

42. Their conduct was willful, malicious, intentional, and in bad faith. Consequently, Defendants Thompkins, Kincey, and Coleman are liable for this claim.

## JURY TRIAL DEMANDED

43. Plaintiff requests a trial by jury.

Respectfully submitted this 6th day of July, 2018.

_____
A. Jerome Dees, II
Attorney for Plaintiff

**Of Counsel:**
**Maxwell Law Firm**
2100 1st Avenue N
Suite 370
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 6th day of July, 2018, filed the foregoing by U.S. Mail.

A. Jerome Dees, II