IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MATTHEW BAILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **2:18-cv-644- ECM-SRW** |
| **LIEUTENANT BRIAN THOMPKINS,** ) | |
| **OFFICER REGINALD V. KINCEY,** ) | |
| **OFFICER STEVEN L. COLEMAN, and** ) | |
| **FICTITIOUS DEFENDANTS** ) | |
| **A-L and M-Z;** ) | |
| **All in their official capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

COME NOW, Defendants, Lieutenant Brian Thompkins; Officer Reginald V. Kincey; Officer Steven L. Coleman; and Warden Walter Myers, by through undersigned counsel and respond to the Plaintiff's Complaint as follows:

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

### PARTIES

1.  Acknowledged that Matthew Bailey ("Plaintiff") was an Alabama Department of Corrections ("ADOC") inmate, previously incarcerated at the Easterling Correctional Facility in Clio, Alabama. The Plaintiff, however, is no longer in the custody of ADOC.

2. Acknowledged that Walter Myers[1] is employed by ADOC as the Warden at Easterling Correctional Facility.

3. Acknowledged that Reginald V. Kincey is employed by ADOC as a correctional officer at Easterling Correctional Facility.

4. Acknowledged that Brian Thompkins is employed by ADOC as a correctional officer at Easterling Correctional Facility.

5. Acknowledged that Steven L. Coleman is employed by ADOC as a correctional officer at Easterling Correctional Facility.

6. The Plaintiff's attempt to bring this lawsuit against fictitious defendants violates Rule 10 (a) of the Federal Rules of Civil Procedure which requires a plaintiff to include the names of all parties in a complaint. "Generally parties to lawsuit must identify themselves in their respective pleadings." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F. 2d 707, 712 (5th Cir. 1979). It is the exceptional case in which a plaintiff may proceed with a lawsuit under a fictitious name. The Plaintiff has alleged no circumstances in this complaint which this Court would deem exceptional such that they overcome the clear mandate of Rule 10 (a).

7. The Plaintiff's attempt to bring this lawsuit against fictitious defendants violates Rule 10 (a) of the Federal Rules of Civil Procedure which

---

[1] Although the Plaintiff has named Warden Myers as a party in this case, the Plaintiff has failed to assert a single cause of action against Myers. To the extent he attempts to plead a *respondeat superior* claim against Myers, the instant case cannot support such a claim. "The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability upon supervisory personnel; rather, in order to find a supervisor liable, a plaintiff must allege that the supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct." 42 U.S.C.A. § 1983. The Plaintiff in this case has made no such allegations. "While the standard for dismissal for failure to state a claim is liberal, more than bare assertions of legal conclusions are ordinarily required." *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F. 3d 315, 319 (6th Cir.), cert. denied, 528 U.S. 871, 120 S.Ct. 172, 145 L.Ed.2d 145 (1999).

requires a plaintiff to include the names of all parties in a complaint. The Plaintiff has alleged no circumstances in this complaint which this Court would deem exceptional such that they overcome the clear mandate of Rule 10 (a).

## JURISDICTION AND VENUE

8. Acknowledged that the Plaintiff is contending jurisdiction is appropriate based on law asserted in paragraph 8 of the Complaint.

9. Acknowledged that the Plaintiff is contending jurisdiction is appropriate based on law asserted in paragraph 9 of the Complaint.

10. Acknowledged that the Plaintiff is contending that venue is appropriate in paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 11 and demand strict proof thereof.

12. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 12 and demand strict proof thereof.

13. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 13 and demand strict proof thereof.

14. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 14 and demand strict proof thereof.

15. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 15 and demand strict proof thereof.

16. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 16 and demands strict proof thereof.

17. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 17 and demand strict proof thereof.

18. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 18 and demand strict proof thereof.

19. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 19 and demand strict proof thereof.

20. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 20 and demand strict proof thereof.

21. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 21 and demand strict proof thereof.

22. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 22 and demands strict proof thereof.

23. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 23 and demand strict proof thereof.

24. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 24 and demand strict proof thereof.

25. Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 25 and demand strict proof thereof.

26. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 26 and demand strict proof thereof.

27. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 27 and demand strict proof thereof.

28. Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 28 and demand strict proof thereof.

29. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 29 and demand strict proof thereof.

30. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 30 and demand strict proof thereof.

31. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 31 and demand strict proof thereof.

32. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 32 and demand strict proof thereof.

33. Defendants do not have sufficient information to admit or deny the Plaintiff's allegations in paragraph 33 and demand strict proof thereof.

## CAUSES OF ACTION
## COUNT I:  CRUEL AND UNUSUAL PUNISHMENT

34. Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

35. Denied as to the allegations as set forth in paragraph 35 and strict proof thereof is demanded.

36. Denied as to the allegations as set forth in paragraph 36 and strict proof thereof is demanded.

37. Denied as to the allegations as set forth in paragraph 37 and strict proof thereof is demanded.

38. Denied as to the allegations as set forth in paragraph 38 and strict proof thereof is demanded.

## COUNT II: STATE LAW BATTERY

39. Denied as to the Plaintiff's allegations that are incorporated and realleged in the preceding paragraphs of the Complaint and strict proof thereof is demanded.

40. Plaintiff's counsel alleges a battery count but has provided statutory language defining Alabama's offense of assault.

41. Denied as to the allegations as set forth in paragraph 41 and strict proof thereof is demanded.

42. Denied as to the allegations as set forth in paragraph 42 and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the persons involved in this action.

3. The Court lacks jurisdiction over the subject matter of this action.

4. The Complaint fails to plead the substance of a bona fide justiciable controversy; moreover, no controversy of a justiciable character exists between the parties.

5. Defendants assert judicial immunity.

6. Defendants assert qualified immunity.

7. Defendants assert sovereign immunity.

8. Defendants assert state-agent immunity.

9. Defendants assert functional discretionary immunity.

10. Defendants assert estoppel.

11. Defendants assert laches.

12. Defendants assert release.

13. Defendants assert waiver.

14. Defendants generally deny that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint filed in the above-styled action.

15. Plaintiff is generally not entitled to a declaratory judgment or any other relief requested.

16. To the extent that any of the foregoing allegations in the Plaintiff's Complaint have not been admitted or denied, they are hereby denied.

17. The Defendants reserve the right to assert additional defenses as this action progresses.

The Defendants further reserve the right to amend their Answer.

                                        Respectfully submitted,

                                        Steve Marshall
                                        Attorney General

                                        /s/ *Madeline H. Lewis*
                                        Madeline H. Lewis (HIN032)
                                        Assistant Attorney General
                                        Counsel for Defendants

ADDRESS OF COUNSEL:

General Civil and Administrative Law Division
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130-0152
Office: (334) 242-7300
Fax: (334) 242-2433

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2018, I electronically filed the foregoing Answer with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy on the Plaintiff's counsel, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

>Honorable A. Jerome Dees, II
>Counsel for Plaintiff
>Maxwell Law Firm
>2100 1st Avenue North, Suite 370
>Birmingham, AL 35203

     /s/Madeline H. Lewis
    OF COUNSEL